

U.S. Department of Justice

*United States Attorney*
*Western District of Pennsylvania*

---

*U.S. Post Office & Courthouse*
*700 Grant Street*
*Suite 4000*
*Pittsburgh, Pennsylvania 15219*                    *412/644-3500*

May 27, 2009

Stephen B. Jarrett, Esquire
666 West Germantown Pike, Suite 206N
Plymouth Meeting, Pennsylvania 19462

Re:  United States of America v.
     Perry E. Landis
     Criminal No. 09-166

Dear Mr. Jarrett:

This letter sets forth the agreement by which your client, Perry E. Landis, will enter a plea of guilty in the above-captioned case. The letter represents the full and complete agreement between Perry E. Landis and the United States Attorney for the Western District of Pennsylvania. The agreement does not apply to or bind any other federal, state, or local prosecuting authority.

Upon entering a plea of guilty, Perry E. Landis will be sentenced under the Sentencing Reform Act, 18 U.S.C. §3551, et seq. and 28 U.S.C. §991, et seq. The Sentencing Guidelines promulgated by the United States Sentencing Commission will be considered by the Court in imposing sentence. The facts relevant to sentencing shall be determined initially by the United States Probation Office and finally by the United States District Court by a preponderance of the evidence.

    A.    The defendant, Perry E. Landis, agrees to the following:

        1.    He will enter a plea of guilty to Counts One and Two of the Indictment at Criminal No. 09-166, charging him with violating Title 18, United States

LIMITED OFFICIAL USE



GOVERNMENT EXHIBIT 1

May 27, 2009
Page 2

    Code, Section 842(a)(3)(B), pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

2. At the time Perry E. Landis enters his plea of guilty, he will deposit a special assessment of $200 in the form of cash, or check or money order payable to "Clerk, U.S. District Court". In the event that sentence is not ultimately imposed, the special assessment deposit will be returned.

3. Perry E. Landis waives (a) the right to seek post-conviction DNA testing of physical evidence, pursuant to 18 U.S.C. §3600; and (b) the right to preservation of such evidence to ensure its availability for DNA testing, pursuant to 18 U.S.C. §3600A.

4. Perry E. Landis waives any former jeopardy or double jeopardy claims he may have in or as a result of any related civil or administrative actions.

5. Perry E. Landis waives the right to take a direct appeal from his conviction or sentence under 28 U.S.C. §1291 or 18 U.S.C. §3742, subject to the following exceptions:

    (a) If the United States appeals from the sentence, Perry E. Landis may take a direct appeal from the sentence.

    (b) If (1) the sentence exceeds the applicable statutory limits set forth in the United States Code, or (2) the sentence unreasonably exceeds the guideline range determined by the Court under the Sentencing Guidelines, Perry E. Landis may take a direct appeal from the sentence.

Perry E. Landis further waives the right to file a motion to vacate sentence, under 28 U.S.C. §2255, attacking his conviction or sentence, and the right to file any other collateral proceeding attacking his conviction or sentence.

May 27, 2009
Page 3

    B.    In consideration of and entirely contingent upon the provisions of Parts A and C of this agreement, the United States Attorney for the Western District of Pennsylvania agrees to the following:

1. After the imposition of sentence, the United States Attorney will move to dismiss the Indictment at Criminal No. 08-218.

2. The United States Attorney retains the right of allocution at the time of sentencing to advise the sentencing Court of the full nature and extent of the involvement of Perry E. Landis in the offenses charged in the Indictment and of any other matters relevant to the imposition of a fair and just sentence.

3. Prior to sentencing, the United States Attorney will, orally or in writing, recommend that, pursuant to §3E1.1 of the Sentencing Guidelines, the Court reduce the offense level by 2 levels for acceptance of responsibility on the ground that Perry E. Landis

    (a) Manifested acceptance of responsibility.

4. The United States Attorney will take any position she deems appropriate in the course of any appeals from the sentence or in response to any post-sentence motions.

    C.    Perry E. Landis and the United States Attorney further understand and agree to the following:

1. The penalty that may be imposed upon Perry E. Landis at each of Counts One and Two is:

    (a) A term of imprisonment of ten (10) years;

    (b) A fine of $250,000.00;

    (c) A term of supervised release of not more than three (3) years; and

    (d) A special assessment under 18 U.S.C. §3013 of $100.00.

May 27, 2009
Page 5

I have received this letter from my attorney, Stephen B. Jarrett, Esquire, have read it and discussed it with him, and I hereby accept it and acknowledge that it fully sets forth my agreement with the Office of the United States Attorney for the Western District of Pennsylvania. I affirm that there have been no additional promises or representations made to me by any agents or officials of the United States in connection with this matter.

_____
PERRY E. LANDIS

_____
Date  6/1/09

Witnessed by:

_____
STEPHEN B. JARRETT, ESQUIRE
Counsel for Perry E. Landis